IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

SCOT DAVID GRAVES,           )
                             )
        Plaintiff,           )
                             )
        v.                   ) CIVIL ACTION NO.:  2:10-CV-210-MHT
                             )                 [WO]
KEVIN DAVIS, SHERIFF, *et al*.,   )
                             )
        Defendants.          )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

In this *pro se* 42 U.S.C. § 1983 action Plaintiff, formerly an inmate incarcerated at

the Chilton County Jail located in Clanton, Alabama, complains that during his

incarceration at the jail Defendants failed to provide him with adequate medical care and

treatment in violation of his Eighth Amendment rights.[1]   Plaintiff names Sheriff Kevin

Davis, Warden Ken Harmon, Dr. Jeff Price,  Nurse Marlow Oaks, and Nurse Tracy

Hegwood as defendants.  Plaintiff requests damages and injunctive relief.

Defendants filed a special report, answer, and supporting evidentiary materials

addressing Plaintiff' claims for relief.  In these documents, Defendants assert Plaintiff

failed to exhaust an administrative remedy available to him while incarcerated at the

Chilton County Jail.  Pursuant to the orders entered in this case and governing case law,

the court deems it appropriate to treat Defendants' report as a motion for summary

---

[1]During the pendency of this action Plaintiff was released from the Chilton County Jail.

judgment (*See Doc. No. 11*).  *See Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) (Although an exhaustion defense "is not ordinarily the proper subject for a summary judgment[,]" the defense is appropriate for summary judgment when the evidence demonstrates administrative remedies "are absolutely time barred or otherwise clearly infeasible.").  The court explained to Plaintiff the proper manner in which to respond to a motion for summary judgment, and he subsequently  submitted a response to Defendants' special report.[2]  (*See Doc. No. 23.*)  This case is now pending on Defendants' motion for summary judgment.  Upon consideration of this motion and the evidentiary materials filed in support thereof, the court concludes that Defendants' motion for summary judgment is due to be granted.

## I.  STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'"  *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (*per curiam*) (citation omitted); Fed.R.Civ.P. Rule 56(c) (Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits

---

[2]   The court notes that Plaintiff's opposition to Defendants' dispositive motion is not verified.  *See Holloman v. Jacksonville Housing Authority,* 2007 WL 245555, *2 (11th Cir. Jan. 30, 2007) ("unsworn statements, even from *pro se* parties, should not be considered in determining the propriety of summary judgment"); *Mosley v. MeriStar Management Co.,* 137 Fed.Appx. 248, 252 n. 3 (11th Cir. 2005) ("the complaint was unverified and therefore could not be considered evidence supporting [plaintiff]'s claim" on summary judgment).

show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.").[3]   The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant may meet this burden by presenting evidence which would be admissible at trial indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.  *Id.* at 322-324.

Defendants have met their evidentiary burden and demonstrated the absence of a genuine issue of material fact with respect to Plaintiff's failure to exhaust  administrative remedies.  Thus, the burden shifts to Plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine issue material to his case exists.  *Clark v. Coats and Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must ... set out specific facts showing a genuine issue for trial.").  A genuine issue of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to

---

[3] Effective December 1, 2007, "[t]he language of Rule 56 [was] amended ... to make the rule[] more easily understood and to make style and terminology consistent throughout the rules.  These changes ... are stylistic only."  Fed.R.Civ.P. 56 Advisory Committee Notes.  Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior rule remain equally applicable to the current rule.

return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

To survive Defendants' properly supported motion for summary judgment, Plaintiff is required to produce "sufficient [favorable] evidence" establishing proper exhaustion of administrative remedies. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Id.* at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions ..., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations...."); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment...."). Hence, when a plaintiff fails to set forth specific facts supported by appropriate evidence sufficient to establish the existence of an

element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine issue of material fact. *Beard v. Banks*, 548 U.S. 521, 529-530, 126 S.Ct. 2572, 2576, 165 L.Ed.2d 697 (2006); *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, Plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. In this case, Plaintiff fails to demonstrate a requisite genuine issue of material fact in order to preclude summary judgment. *Matsushita*, 475 U.S. at 587.

## II. DISCUSSION

Plaintiff challenges the adequacy of the medical care and treatment he received during his incarceration at the Chilton County Jail for his complaints of hemorrhoid pain and associated bleeding. In response to the complaint, Defendants argue this case should

be dismissed because Plaintiff failed to exhaust the administrative remedy provided at the Chilton County Jail prior to filing this complaint as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

The Prison Litigation Reform Act compels exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998); *Woodford v. Ngo*, 548 U.S. 81 (2006). Moreover, "the PLRA exhaustion requirement requires ***proper exhaustion***." *Id.* at 93 (emphasis added).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no

adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings....  Construing § 1997e(a) to require proper exhaustion ... fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." *Woodford*, 584 U.S. at 90-91. The Court reasoned that because proper exhaustion of administrative remedies is necessary an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement ... by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to her.  *Id*. at 83-84; *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA).   Further, the PLRA's exhaustion requirement contains no futility exception where there is an available inmate grievance procedure. *See Booth,* 532 U.S. at 741 n. 6 ( "[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." ); *Cox v. Mayer,* 332 F.3d 422, 424-28 (6th  Cir. 2003) (holding that the exhaustion requirement applies to a former prisoner who filed his complaint without exhausting his administrative remedies and who had since been released from custody); *see also  Massey v. Helman,* 196 F.3d 727, 733 (7th  Cir. 1999).

The record in this case establishes that the Chilton County Jail provides a grievance procedure for inmate complaints. This administrative remedy is available to all Chilton County Jail inmates including Plaintiff at the time of his incarceration there. The jail's grievance procedure is set forth in the Chilton County Jail Inmate Rules and Regulations handbook. Defendants assert that this handbook is posted in the pods where inmates are housed and is available to all inmates at the Chilton County Jail. According to the grievance policy of the jail, inmates with a grievance may request an inmate request form at anytime from any member of the jail staff. The grievance procedure provides that an inmate should put any grievance he has in writing on the inmate request form and give the form to jail personnel. (*Doc. No. 10, Exhs. 1, 2, A*.)

Defendants assert that Plaintiff failed to exhaust his administrative remedies with respect to his claims against them concerning the adequacy of his medical care and treatment at the jail. To support this assertion, Defendants have offered a declaration and other record evidence which makes it clear that Plaintiff failed to file any grievance with respect to the actions about which he complains in the instant complaint.[4] Although Defendants' evidence reflects that Plaintiff submitted several sick call slips during his incarceration at the county jail and received treatment and/or examination by medical personnel in response thereto, there is no dispute that Plaintiff failed to exhaust the administrative remedy

---

[4]The evidence before the court reflects that Plaintiff submitted two inmate request forms pursuant to the Chilton County Jail's grievance procedure. Neither request form, however, was marked as being a grievance nor did the requests relate in any way to medical care or make any complaints with respect to the medical treatment Plaintiff was receiving. (*Doc. No. 10, Exhs. 1, 2, B*.)

available at the Chilton County Jail with respect to the allegations presented in this action prior to his filing this case.   (*See Doc. No. 10, Exhs. 1-5 & Plaintiff's Medical Records*.)

The court has thoroughly reviewed the evidentiary materials filed by Defendants. These materials demonstrate that Plaintiff failed to properly exhaust the grievance procedure provided to him during his incarceration at the Chilton County Jail. Plaintiff has provided nothing to refute or explain Defendants' evidence showing he failed to pursue his grievance through to exhaustion.  The undersigned finds there is no dispute of material fact that Plaintiff failed to exhaust his administrative remedies with respect to his claim of inadequate medical care and treatment against Defendants. *See Bock*, 549 U.S. at 218 ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.").  The court, therefore, concludes that the claims presented in this cause of action are subject to dismissal as Plaintiff failed to properly exhaust administrative remedies available to him which is a *precondition* to proceeding in this court on his claims.  *Woodford*, 548 U.S. at 87-94.

As noted, Plaintiff is no longer incarcerated at the Chilton County jail.  Thus, the administrative remedy provided by Defendants is no longer available to Plaintiff.  Under such circumstances, dismissal with prejudice is appropriate. *Bryant v. Rich*, 530 F.3d 1368, 1375 n.1 (11th Cir. 2008); *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005); *Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995) ("Without the prospect of a dismissal with

prejudice, a prisoner could evade the exhaustion requirement by filing no administrative grievance or by intentionally filing an untimely one, thereby foreclosing administrative remedies and gaining access to a federal forum without exhausting administrative remedies."); *Berry v. Keirk*, 366 F.3d 85, 88 (2nd Cir. 2004) (footnotes omitted) (Inmate's "federal lawsuits ... properly dismissed with prejudice" where previously available administrative remedies had become unavailable and no special circumstances justified the failure to exhaust.).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Defendants' motion for summary judgment (*Doc.  No. 10*)  be GRANTED to the extent Defendants seek dismissal of this case due to Plaintiff's failure to properly exhaust an administrative remedy previously available to him at the Chilton County Jail; and

2.  This case be DISMISSED with prejudice in accordance with the provisions of 42 U.S.C. § 1997e(a) for Plaintiff's failure to exhaust an administrative remedy available to him during his confinement in the Chilton County Jail.

It is further

ORDERED that on or before **August 9, 2012** the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party  objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that

this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 26th day of July, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE